IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| No Regrets Properties, Inc. and Richard A. Godley, Sr., <br><br> Plaintiffs, <br><br> v. <br><br> Neighborhood Sports Pub Concepts, Inc., <br><br> Defendant. | C.A. No. 6:10-CV-1024-JMC <br><br> **PLAINTIFFS' MEMORANDUM IN SUPPORT OF RENEWED MOTION TO REMAND** |

Plaintiffs No Regrets Properties, Inc. and Richard A. Godley, Sr. ("Plaintiffs") respectfully submit this memorandum in support of their Renewed Motion to Remand.[1]

Plaintiffs renew their Motion to Remand for the following reasons:

1. The damages sought by Plaintiffs are less than $75,000 and the damages pled in Defendant's recently-asserted counterclaims cannot satisfy the amount in controversy requirement necessary for removal and diversity jurisdiction, and

2. Defendant was a suspended corporation when it filed its Notice of Removal, and its subsequent revival cannot validate the action because the time for seeking removal under 28 U.S.C. § 1446(b) has now passed.

## PROCEDURAL BACKGROUND

Plaintiffs filed this action in the Greenville County, South Carolina Court of Common Pleas on March 19, 2010, seeking $63,962.51 for breach of contract, and they have disclaimed any award in excess of $74,900. Notice of Filing of Declaration of Richard A. Godley, Sr.

---

[1] Plaintiffs interpret the Court's Order granting Defendant's motion to amend and denying "without prejudice" Plaintiffs' motion to remand as preserving their right to file a renewed motion to remand following the filing of Defendant's Amended Answer asserting counterclaims. If the Plaintiffs misinterpreted the Court's Order, they respectfully request that the Court consider their renewed motion to remand as a motion for reconsideration under Federal Rule of Civil Procedure 59(e).

(Docket Entry No. 11). Defendant Neighborhood Sports Pub Concepts, Inc. ("Defendant") filed a notice of removal on April 26, 2010, and answered on May 3, 2010, without asserting counterclaims.

On May 25, 2010, Plaintiffs filed a timely Motion to Remand pursuant to 28 U.S.C. § 1447(c), on the grounds that (1) the amount in controversy requirement of $75,000 for diversity jurisdiction under 28 U.S.C. § 1332(a) is not satisfied, and (2) Defendant was a suspended corporation, unable to participate in the litigation process, and thus unable to file a Notice of Removal.

On June 7, 2010, after the time for filing a notice of removal passed, Defendant obtained proper corporate standing in the state of California. By its Order entered on September 2, 2010, the district court granted Defendant's Motion to Amend its Answer to include compulsory counterclaims. Defendant filed its Amended Answer and Counterclaims on September 10, 2010. Defendant now seeks to establish the amount in controversy for diversity jurisdiction solely by asserting counterclaims that claim damages in excess of $75,000, but this strategy is not permitted under the weight of authority.

## ARGUMENT

**I.  The Defendant still fails to meet its burden of demonstrating that the amount in controversy exceeds $75,000 as required for removal.**

Defendant bases its challenge to Plaintiffs' rightful request for remand solely on its recently-asserted counterclaims alleging damages in excess of $75,000, filed long after the time for filing a Notice of Removal had passed. This is an insufficient basis upon which to deny Plaintiffs' motion.

It is well established that because of federalism concerns, the removal statute is to be strictly construed and doubts resolved in favor of remanding the case to state court. *Mulcahey v.*

*Columbia Organic Chem. Co. Inc.*, 29 F.3d 148 (4th Cir. 1994). The burden is on Defendant to prove a case was properly removed. *Id*. As a general rule, the amount in controversy in an action which is removed based on diversity of citizenship should be measured at both the time of commencement of the action in state court and the time of removal. *Sayers v. Sears, Roebuck and Co.*, 732 F. Supp. 654 (W.D. Va.1990); *Griffin v. Holmes*, 843 F. Supp. 81 (E.D.N.C.1993).

The majority of courts hold that "no part of the required jurisdictional amount can be met by considering a defendant's counterclaim." 14a Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3706 (4th ed. 2009); *see generally* 14c Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3725.3 (4th ed. 2009). The Fourth Circuit has not officially decided the issue, but has indicated that it would likely follow the majority rule. *See R.L. Jordan Oil Co. of North Carolina, Inc. v. Boardman Petroleum, Inc.*, No. 01-1296, 2001 WL 1528458 at *3 (4th Cir. Dec. 3, 2001) ("[I]t appears, although we have not decided, that [defendant's] counterclaim may not be used in calculating the amount in controversy") (citing Wright, Miller, & Cooper) (attached hereto as Exhibit 1). Other courts within the circuit have adhered to this approach. *See West Virginia State Bar v. Bostic*, 351 F. Supp. 1118 (S.D.W. Va. 1972); *Burton Lines, Inc. v. Mansky*, 265 F. Supp. 489 (M.D.N.C. 1967). *See also Meridian Aviation Serv. v. Sun Jet Int'l.,* 886 F. Supp. 613 (S.D. Tex. 1995).

The United States Supreme Court recently reaffirmed the majority view of refusing to consider counterclaims when evaluating whether a case meets the requirements for federal jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002). In *Holmes Group*, the Court adhered to the established well-pleaded complaint rule, which governs whether a case arises under the jurisdiction of the federal courts, and declined to

consider the defendant's counterclaims in resolving the issue. *Id*. at 830 & n.2 (holding that the United States Court of Appeals for the Federal Circuit lacked federal question jurisdiction to decide an appeal where the only federal claim had been raised by the defendant as a compulsory counterclaim). The United States District Court for the District of South Carolina has embraced this holding. *See Blankenship v. Wynne*, No. Civ.A.2:05-3611, 2006 WL 1207834 (D.S.C. May 3, 2006) (remanding an action on the ground that federal question jurisdiction could not be based on allegations made in defendant's counterclaims) (attached hereto as Exhibit 2). In *Blankenship*, the court explained that "the action could not be removed to federal court [because] a plaintiff is the master of his claim and may avoid federal jurisdiction by exclusively relying on state law." *Id.* at *2 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987)). Although these cases examined the issue in the context of federal question jurisdiction, the analysis is also applicable in the context of diversity jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.").

Moreover, the only basis upon which Defendant has asked this Court to exercise jurisdiction is its recently-asserted counterclaims. However, a defendant seeking to remove a case must establish federal subject matter jurisdiction **at the time of removal**. *Texas Beef Group v. Winfrey*, 201 F.3d 680 (5th Cir. 2000) ("When removal is based on diversity of citizenship, diversity must exist at the time of removal."). *See also Brown v. Eastern States Corp.,* 181 F.2d 26, 28-29 (4th Cir. 1950) (holding that a case which is properly removable at the time that the petition for removal is filed will not later be remanded due to subsequent amendments to the complaint in attempt to eliminate federal question jurisdiction). At the time of the

commencement of the action, the amount in controversy was only $63,962.51, as demanded in Plaintiffs' Complaint. When Defendant filed its notice of removal, the amount in controversy was still only $63,962.51. It was not until **after** the time for removal had elapsed that Defendant obtained permission to amend its answer to assert counterclaims in an attempt to establish the requisite amount in controversy. Because jurisdiction is judged at time of removal and because the majority of case law refuses to consider counterclaims in meeting the amount in controversy, this Court should remand.

Defendant erroneously relies on *Moffitt v. Residential Funding Co., LLC*, 604 F.3d 156 (4th Cir. 2010), to argue that, in deciding whether to remand, the court should consider the counterclaims asserted in its amended answer, filed long after the time for filing a notice of removal had lapsed. *Moffitt* does not apply to the facts at hand: It concerned an amendment of the complaint **by the plaintiff**, which would have given rise to the renewed time period allotted by 28 U.S.C. § 1446(b) in which a defendant may remove an action to federal court after the filing of an amended complaint. Section 1446(b) provides in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . .

That is not the case here. *Moffitt*'s holding is dependent on the language of § 1446(b), which specifically permits a defendant to remove the case when the defendant receives from **the plaintiff** an amended pleading that makes the case removable. The thirty-day requirement of the removal statute would be rendered meaningless if the holding of *Moffitt* could be extended to permit defendants to file a notice of removal, assert delayed counterclaims in excess of $75,000 upon which to base federal subject matter jurisdiction, and then base removal on those counterclaims. Removal cannot be based upon the defendant's own pleading after removal.

Defendant further relies on *Mackay v. Uinta Development Co.*, 229 U.S. 173 (1913), to argue that the amount in controversy encompasses the claims made by both the plaintiff and the defendant. Defendant's reliance is misplaced. First, *Mackay* was decided prior to the adoption of the Federal Rules of Civil Procedure and the enactment of 28 U.S.C. §§ 1332 and 1446, which statutorily define the proper procedure for removal and the requirements for diversity jurisdiction.[2] Additionally, the central holding of *Mackay* was that a plaintiff who failed to object to the defendant's petition for removal prior to entry of final judgment effectively waived any argument that the Court lacked jurisdiction over a case based on irregularities in the removal process. *Id.* at 174; *Board of Regents, The University of Texas System v. Nippon Telephone and Telegraph Corp.,* 414 F.3d 1358, 1361 (Fed. Cir. 2005). In fact, in *Mackay*, neither party ever challenged federal subject matter jurisdiction: the Court of Appeals raised the issue on its own motion. *Id.* at 176.

Here, in stark contrast to *Mackay*, Plaintiffs filed a timely Motion to Remand, bringing the removal statute's application to the forefront. Thus, even assuming for the sake of argument that the "controversy" referred to in § 1332 includes compulsory counterclaims, this does not obviate the fact that the case must be remanded under the applicable removal statute. Specifically, § 1446(b) requires a defendant to file a notice of removal within thirty days from receipt of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or after receipt by the defendant of the plaintiff's amended pleading which provides a basis for removal. 28 U.S.C. § 1446(b). The plain language of the removal statute

---

[2] In *Mackay*, the Defendant's counterclaim raised a federal question and sought in excess of $2,000, which was the required amount in controversy for both diversity and federal question subject matter jurisdiction at the time. 229 U.S. at 174. The Supreme Court has recently decided that a counterclaim raising a federal question may <u>not</u> be the basis of federal subject matter jurisdiction based on the well-pleaded complaint rule, thereby implicitly overturning the holding in *Mackay. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc*, 535 U.S. 826 (2002).

requires the court to consider only pleadings filed by the plaintiff and received by the defendant **at the time of removal** in deciding whether removal was proper. *See Board of Regents*, 414 F.3d at 1361 (holding that the complaint, the only pleading operative at the time the petition to remove was filed, was relevant to determining the defendant's right to remove).[3] Finally, *Holmes Group*, discussed above, recently cast serious doubt on *Mackay*'s continuing vitality. The Court in *Holmes Group* explained that "allowing responsive pleadings filed by the defendant to establish [federal subject matter] jurisdiction would undermine the clarity and ease of administration of the well-pleaded complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts." 535 U.S. at 831-32.

Finally, Defendant relies heavily upon selected district court opinions from North Carolina, *see Nat. Upholstery Co. v. Corley*, 144 F. Supp. 658 (M.D.N.C. 1956),[4] but neglects the fact that recent cases call those decisions into doubt. *See Grecon Dimter, Inc. v. Horner Flooring Co. Inc.*, 2007 WL 121732 (W.D.N.C. 2007) (certifying an interlocutory appeal to the

---

[3] Defendant also relies on *Congaree Broadcasters, Inc. v. T.M. Programming*, 436 F. Supp. 258 (D.S.C. 1977), to support its position that its recently-asserted counterclaims should be considered in determining the jurisdictional amount. *Congaree* is distinguishable because the defendant in *Congaree* filed an effective notice of removal simultaneously with the assertion of timely counterclaims, such that they were available at the time of removal, unlike the matter currently before this Court wherein the counterclaims were asserted <u>after</u> the time of removal. More important, *Congaree* is not binding on this Court, is an outdated anomaly within this district, and stands in stark contrast to the majority of other courts that have addressed the issue since it was decided. *See Blankenship*, 2006 WL 12078341207834 (D.S.C. May 3, 2006); *see generally* 14c Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3725.3 (4th ed. 2009).

[4] Defendant also cites *Cole v. Captain D's, LLC*, 2008 WL 4104577 (W.D.N.C. 2008) (attached hereto as Exhibit 4), in an effort to convince this Court to consider its counterclaims and deny Plaintiffs' motion to remand. *Cole* is easily distinguished from the matter currently before the court in that (1) the court in *Cole* was faced with determining an amount in controversy based on a declaratory judgment action for which the amount in controversy is the "value of the object of the litigation," and (2) the defendant had filed its counterclaims simultaneously with its notice of removal. *Id.* at *2.

United States Court of Appeals for the Fourth Circuit to provide guidance as to how federal jurisdiction should be determined in light of the Supreme Court's decision in *Holmes Group*). Moreover, Defendant omits district court opinions from North Carolina that embrace the majority view. *See Burton Lines, Inc.,* 265 F. Supp. at 491 (holding that a case could not be removed where the requisite jurisdictional amount was not present in plaintiff's claim); *Cabe v. Pennwalt Corp.,* 372 F. Supp. 780 (W.D.N.C. 1974) (holding that a counterclaim, either permissive or compulsory, should not be considered in determining the jurisdictional amount for removal of diversity actions to federal court); *Unitrin Auto and Home Ins. Co. v. Bastida,* No. 3:09-cr-00217-W, 2009 WL 3591190 at *2 (W.D.N.C. Oct. 26, 2009) (holding that it was impermissible to consider anticipated counterclaims in determining federal jurisdiction).

Because Plaintiffs' complaint sought less than $75,000 and Defendant's counterclaims cannot satisfy the jurisdictional requirements of the removal statute, the Court should grant Plaintiffs' motion and remand the case to the Court of Common Pleas for Greenville County.

**II.     Defendant's belated revival of its corporate status is insufficient to cure its defective Notice of Removal.**

In addition to failing to meet its burden of demonstrating that the necessary amount in controversy existed at the time of removal, Defendant has failed to demonstrate that its tardy reinstatement of its corporate status retroactively validates its ineffective Notice of Removal. Accordingly, Defendant's Notice of Removal should be stricken and the case should be remanded to state court.

It is well established in California jurisprudence that a suspended entity may not prosecute or defend litigation and that the revival of the entity will not validate actions that are otherwise time barred. In *Welco Construction, Inc. v. Modulux, Inc.*, 120 Cal. Rptr. 572 (Cal. Ct. App. 1975), the California Court of Appeals dismissed a plaintiff's complaint because it was

filed while the plaintiff was suspended and the statute of limitations ran out before the plaintiff revived its corporate status. Similarly, in *Sade Shoe Co., Inc. v. Oschin & Snyder*, 266 Cal. Rptr. 619 (Cal. Ct. App. 1990), the court found that a complaint filed by a suspended corporation was ineffective and could not be retroactively validated once the corporation was reinstated because the statute of limitations had run in the interim. Thus, if an action could have been filed after corporate status was revived, it can be retroactively validated, but if the time for filing such action passed before corporate status was revived, it remains ineffective.

Additionally, federal courts have restricted the abilities of suspended corporations to file suits in federal court. *See Chanana's Corp. v. Gilmore*, 539 F. Supp. 2d 1299, 1302 (W.D. Wash. 2003); *Christian and Porter Aluminum Co. v. Titus*, 584 F.2d 326 (9th Cir. 1978); *Mather Constr. Co. v. United States*, 417 F.2d 1152, 1155 (Ct. Cl. 1973). This rule should be applied equally to removals because they have the effect of commencing an action in federal court.

At the time of the filing of its Notice of Removal, Defendant was suspended and had no right to avail itself of the use of this Court, so that the Notice of Removal was ineffective. Pursuant to 28 U.S.C. § 1446(b), the removal was required to be filed within thirty days of service of the Complaint, or April 26, 2010.[5] Defendant admits that it did not obtain proper corporate status until June 7, 2010, which is well after the expiration of the time for removing the case to federal court. As with a statute of limitations, the time requirements of the removal statute are not tolled during the period of Defendant's suspension.

---

[5] *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").

Accordingly, the notice of removal of Defendant, who at the time was a suspended California corporation unable to participate in litigation, remains ineffective. Therefore, Defendant failed to timely remove this action and it should be remanded to state court.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order (1) striking the Notice of Removal as untimely and failing to demonstrate the requisite amount in controversy, and (2) remanding this action to the Court of Common Pleas for Greenville County, South Carolina, for all further proceedings.

> Respectfully submitted,
>
> WYCHE BURGESS FREEMAN & PARHAM, P.A.
>
>
> s/ Gregory J. English
> Gregory J. English (Bar No. 5737)
> Post Office Box 728
> Greenville, SC 29602
> Telephone: (864) 242-8200
> Facsimile: (864) 235-8900
> E-Mail: genglish@wyche.com; hmetcalfe@wyche.com
>
> *Attorneys for Plaintiffs*

September 13, 2010