IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| No Regrets Properties, Inc. and Richard A. Godley, Sr., <br><br> Plaintiffs, <br><br> v. <br><br> Neighborhood Sports Pub Concepts, Inc., <br><br> Defendant. | C.A. No. 6:10-CV-1024-JMC <br><br> **PLAINTIFFS' REPLY TO COUNTERCLAIMS OF DEFENDANT** <br><br> **(JURY TRIAL DEMANDED)** |

Plaintiffs, No Regrets Properties, Inc. ("No Regrets") and Richard A. Godley, Sr. ("Godley") (collectively, "Plaintiffs"), replying to the counterclaims of the Defendant, would respectfully show unto the Court as follows:

## FOR A FIRST DEFENSE

1. Plaintiffs incorporate herein by reference their complaint in this action as if stated here in full.

2. Plaintiffs deny each and every allegation of the counterclaims except to the extent specifically and expressly admitted herein.

3. Plaintiffs admit the allegations of paragraphs 40, 41, and 42 of the counterclaims.

4. Plaintiffs deny the allegations of paragraphs 43, 44, 45, and 46 of the counterclaims.

5. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 47 of the counterclaims.

6. Plaintiffs deny the allegations of paragraphs 48, 49, and 50 of the counterclaims.

7. In response to paragraph 51 of the counterclaims, Plaintiffs admit that on August 24, 2006, Godley on behalf of No Regrets entered into an Indigo Joe's franchise agreement (the "Agreement"), which Agreement speaks for itself. Plaintiffs further admit that No Regrets is wholly owned by Godley and operated an Indigo Joe's Restaurant. Plaintiffs deny the remaining allegations of paragraph 51 of the counterclaims.

8. In response to paragraph 52 of the counterclaims, Plaintiffs state that the Agreement speaks for itself and deny all allegations of paragraph 52 to the extent inconsistent therewith.

9. In response to paragraph 53 of the counterclaims, Plaintiffs admit that No Regrets' Indigo Joe's Restaurant located at 27 Market Point Drive in Greenville, South Carolina opened on December 3, 2007.

10. Plaintiffs deny the allegations of paragraphs 54, 55, 56, and 57 of the counterclaims.

11. In response to paragraphs 58 and 59 of the counterclaims, Plaintiffs admit that, after the Agreement was terminated, No Regrets continued to operate the Indigo Joe's Restaurant with the knowledge and consent of Defendant while the parties negotiated a new license, and on May 9, 2010, No Regrets ceased to operate the Indigo Joe's Restaurant and ceased to use all items referenced in paragraph 59. Plaintiffs deny the remaining allegations of paragraphs 58 and 59 of the counterclaims.

12. Plaintiffs deny paragraphs 60, 61, 62, and 63 of the counterclaims.

13. In response to paragraph 64 of the counterclaims, Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply.

14. Plaintiffs deny the allegations of paragraphs 65, 66, 67, and 68 of the counterclaims.

15. In response to paragraph 69 of the counterclaims, Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply.

16. Plaintiffs deny the allegations of paragraphs 70, 71, 72, and 73 of the counterclaims.

17. In response to paragraph 74 of the counterclaims, Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply.

18. Plaintiffs deny the allegations of paragraphs 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, and 87 of the counterclaims.

19. In response to paragraph 88 of the counterclaims, Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply.

20. Plaintiffs deny the allegations of paragraphs 89, 90, 91, 92, 93, 94, and 95 of the counterclaims.

21. In response to paragraph 96 of the counterclaims, Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply.

22. Plaintiffs deny the allegations of paragraphs 97, 98, 99, 100, 101 and 102 of the counterclaims.

23. In response to paragraph 103 of the counterclaims, Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply.

24. Plaintiffs deny the allegations of paragraphs 104, 105, 106, 107, and 108 of the counterclaims.  Plaintiffs deny that Defendant is entitled to any relief and pray that the counterclaims be dismissed and that they be granted the relief requested in their complaint.

**FOR A SECOND DEFENSE**

25. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

26. The counterclaims, in whole or in part, fail to state claims upon which relief can be granted as required by Rule 12(b)(6), F.R.C.P., and therefore should be dismissed, in whole or in part.

**FOR A THIRD DEFENSE**

27. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

28. The counterclaims are barred by Defendant's material breach of the Agreement as set forth in Plaintiffs' complaint in this action.

**FOR A FOURTH DEFENSE**

29. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

30. By virtue of Plaintiffs' notice of defaults dated December 14, 2009, and Defendant's failure to cure said defaults, the Agreement was terminated effective January 13, 2010.

**FOR A FIFTH DEFENSE**

31. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

32. Some or all of the relief sought by Defendant is barred by the doctrines of waiver, acquiescence, and/or estoppel because Defendant failed to cure its defaults under the Agreement

and consented to No Regrets' operating the Indigo Joe's Restaurant before the Agreement was terminated and thereafter while the parties negotiated a license fee.

## FOR A SIXTH DEFENSE

33. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

34. Some or all of the relief sought by Defendant is barred because Defendant licensed and permitted No Regrets' operating the Indigo Joe's Restaurant before the Agreement was terminated and thereafter while the parties negotiated a license fee.

## FOR A SEVENTH DEFENSE

35. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

36. Defendant's claims for damages are barred by Defendant's failure to mitigate any damages it incurred, which are denied and acknowledged solely for purpose of this defense.

## FOR AN EIGHTH DEFENSE

37. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

38. Plaintiff's claims for special damages are not stated with sufficient specificity and therefore should be dismissed.

## FOR A NINTH DEFENSE

39. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

40. Defendant's counterclaims are barred because, at all relevant times, Defendant was a suspended corporation under California law.

**FOR A TENTH DEFENSE**

41. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

42. Defendant's claims for future damages under the Agreement are barred because such damages constitute an unenforceable penalty.

**FOR AN ELEVENTH DEFENSE**

43. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

44. Plaintiffs have paid Defendant more than it was owed under the Agreement, including but not limited to Royalty Fees and Advertising Contributions on items given customers at no charge, and are entitled to a set-off against any amount due Defendant for such payments and the damages Defendant's breaches of contract caused Plaintiffs.

**FOR A TWELFTH DEFENSE**

45. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

46. Plaintiffs' conduct in obtaining legal advice, including but not limited to hiring and communicating with an attorney who jointly represented other franchisees, communicating with other jointly-represented franchisees with a common interest, and preserving documents for litigation, was privileged and not actionable.

**FOR A THIRTEENTH DEFENSE**

47. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

48. Defendant's claim for a violation of the South Carolina Unfair Trade Practices Act is barred because the conduct complained of amounts solely to an alleged breach of contract, did not give rise to economic harm, and does not affect the public interest.

## FOR A FOURTEEN DEFENSE

49. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

50. Defendant's counterclaims should be dismissed for failure to join the other franchisees, who are indispensable parties pursuant to Rule 19, F.R.C.P.

## FOR A FIFTEENTH DEFENSE

51. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

52. Defendant's counterclaims are barred by the applicable statutes of limitations and/or the doctrine of laches.

## FOR A SIXTEENTH DEFENSE

53. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

54. The conduct of the Plaintiffs is protected by the First and Fourteenth Amendments to the United States Constitution such that the Plaintiffs may not be held liable for such conduct.

## FOR A SEVENTEENTH DEFENSE

55. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

56. The conduct of the Plaintiffs is protected by Art. I, § 2 of the South Carolina Constitution such that they may not be held liable for such conduct.

## FOR AN EIGHTEENTH DEFENSE

57.     Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

58.     Defendant's counterclaims are barred by the doctrine of unclean hands.

## FOR A NINETEENTH DEFENSE

59.     Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

60.     Some or all of the relief sought by Defendant is barred because Defendant failed to notify Plaintiffs that Defendant considered No Regrets' operating the Indigo Joe's Restaurant before the Agreement was terminated or thereafter while the parties negotiated a license as violation of its rights.

## FOR A TWENTIETH DEFENSE

61.     Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

62.     Some or all of the relief sought by Defendant is barred because No Regrets is a corporation solely owned by Godley.

## FOR A TWENTY-FIRST DEFENSE

63.     Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

64.     To the extent that any condition in the Agreement was not satisfied by Plaintiffs, which Plaintiffs deny, such condition was excused by Defendant's failure to perform under the Agreement.

## FOR A TWENTY-SECOND DEFENSE

65. Plaintiffs incorporate herein by reference the foregoing paragraphs of this reply to the extent consistent with this defense.

66. An award of damages against the Plaintiffs in this case would be a violation of the due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution, as well as of the applicable corresponding sections of the Constitution of the State of South Carolina, Article I, Section 3, because:

(a) The standards or tests for the imposition of liability and the determination of damages in this case would be void for vagueness; and

(b) Insofar as punitive damages are not measured against actual injury to the Plaintiffs and are left wholly to the discretion of the jury without adequate instructions and limits, there is no objective standard that limits the amount of such damages that may be awarded, and the amount of punitive damages that may be awarded is indeterminate at the time of Plaintiffs' alleged conduct.

Respectfully submitted,

WYCHE BURGESS FREEMAN & PARHAM, P.A.

s/ Gregory J. English
Gregory J. English (Bar No. 5737)
Post Office Box 728
Greenville, SC 29602
Telephone: (864) 242-8200
Facsimile: (864) 235-8900
E-Mail: genglish@wyche.com

*Attorneys for Plaintiffs*

October 5, 2010

**Plaintiffs respectfully request a jury trial**.