IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| No Regrets Properties, Inc. and Richard A. Godley, Sr., | ) ) ) | Civil Action No. 6:10-1024-JMC |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO REMAND** |
| Neighborhood Sports Pub Concepts, Inc., | ) ) | |
| Defendant. | ) | |

The Plaintiffs have not offered any new arguments to support their Motion to Remand; instead, the old arguments are rehashed and regurgitated. Those arguments fail.

### I.     NSPC's Corporate Status

Completely ignoring California corporate law, in particular, Cal. Corp. Code §2205(d), the plaintiffs encourage this Court to invalidate all of NSPC's actions, despite the revival of its corporate status on June 7, 2010. The law is not as simple as the plaintiffs would have this Court believe. As the California Court of Appeals explained in *Center for Self-Improvement and Community Development v. Lennar Corp.,* 94 Cal. Rptr. 3d 74, 80-81 (Cal. App. 2009), the "suspension statutes are not intended to be punitive:"

> A plea that a corporation lacks capacity to maintain an action because its corporate powers have been suspended . . . "**is a plea in abatement which is not favored in law**, is to be strictly construed and must be supported by facts warranting the abatement" at the time of the plea. (citations omitted) Pleas in abatement do not challenge the justness or merits of a plaintiff's claim, but rather object to the place, mode, or time of asserting a claim.
>
> Corporate incapacity is nothing more than a legal disability . . . **[T]he suspended status of corporate powers at the time of filing suit does not impede the trial court's jurisdiction** to proceed . . .

1247472

> Our Supreme Court has held that the **revival of corporate powers during the course of litigation validates earlier acts occurring prior to judgment**, as well as matters occurring postjudgment. (*Peacock Lagoon Constr. Co., supra,* 8 Cal. 3d at pp. 373-374 [motion to dismiss appeal because of a party's suspension not warranted where corporate powers revived by payment of delinquent taxes.) Subsequent corporate revivor retroactively **validates actions in the course of litigation such** as obtaining an attachment (citation omitted); . . . **making and opposing motions** and engaging in discovery (*Diverco Constructors, Inc. v. Wilstein* (1970) 4 Cal.App.3d 6); and **taking an appeal** (*Rooney v. Vermont Investment Corp.* (1973) 10 Cal. 3d 351, 359). In sum, the revival of corporate powers enables the previously suspended party to proceed with the prosecution or defense of the action and validates a judgment obtained during suspension [citing *Diverco*] . . .
>
> . . . **[T]he courts have created a distinction between procedural steps taken on behalf of the suspended corporation while under suspension, which can be resuscitated by revival, and substantive defenses that accrue during the time of suspension, which cannot.** (Emphasis added)

The filing of an appeal (*Rooney, supra*) and filing and opposing motions (*Peacock, supra; Diverco, supra*) are procedural actions, as California courts have concluded. NSPC's removal, Motion to Amend, and opposition to plaintiffs' first Motion to Remand, are likewise procedural. The revival of NSPC's corporate status on June 7, 2010 resuscitated the procedural steps NSPC undertook during suspension.

## II.    Opposition to Remand

NSPC removed this action based on diversity and the amount in controversy. To encourage remand, the plaintiffs offer a stew of removal rationales, most of which are inapposite. For instance, the plaintiffs have never challenged diversity of citizenship; thus, cases addressing

1247472                                2

when diversity should be determined[1] are unhelpful. Nor did NSPC base removal on federal question jurisdiction, although it has asserted claims under federal law.[2] Opinions addressing federal question counterclaims[3] thus are not persuasive.

The crux of the remand inquiry is, as admitted by the plaintiffs, whether the value of NSPC's compulsory counterclaims should be aggregated in determining the amount in controversy. On this issue, as the plaintiffs reluctantly admit, the Fourth Circuit has not provided its guidance.[4] NSPC acknowledged in its prior Opposition to Remand that aggregating the value of the defendant's compulsory counterclaim is a minority position.[5] But it is a minority position supported by U.S. Supreme Court precedent, *Mackay v. Uinta Development Co.,* 33 S.Ct. 638 (1913), and decisions of district courts in the Fourth Circuit and elsewhere.

The plaintiffs cannot so easily escape binding Supreme Court precedent, *Mackay v. Uinta Development Co.,* 229 U.S. 173 (1913), directly on point, as their Memorandum suggests. The distinction drawn by the plaintiffs, that the jurisdictional issue was raised *sua sponte* by the court, is no distinction at all. The scope of federal jurisdiction does not change depending on who raises the issue. In contrast to *Holmes*, the *Mackay* case addressed diversity jurisdiction, and in particular the method of determining the amount in controversy. The holding is clear, that the

---

[1] See Plaintiff's Memorandum in Support of Renewed Motion to Remand (the "Plaintiff's Remand Memo"), pages 4 (*Texas Beef Group v. Winfrey*, 201 F.3d 680 (5th Cir. 2000) addressing diversity.
[2] See, e.g., NSPC's Lanham Act claims.
[3] See Plaintiff's Remand Memo, pages 3 (*Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826 (2002)); page 4 (*Blankenship v. Wynne,* 2006 WL 1207834 (D.S.C. May 3, 2006), *Brown v. Eastern States Corp.,* 181 F.2d 26 (4th Cir. 1950)).
[4] See Plaintiff's Remand Memo, page 3: "The Fourth Circuit has not officially decided the issue."
[5] See Defendant's Memorandum in Opposition to Motion to Remand, page 6.

requisite jurisdictional amount may be satisfied by including the value of the defendant's compulsory counterclaim.[6]

The plaintiffs miss the central point of *Mackay* and misconstrue 28 U.S.C. §1332(a). Art. III, Sec. 2 of the U.S. Constitution grants federal courts jurisdiction over "Controversies between Citizens of different States." Title 28 U.S.C. §1332(a) defines the minimum value of the "controversy" that will confer that jurisdiction, but it does not narrow the definition of "controversy." The Supreme Court's *Mackay* decision explains that the "controversy" is the total value of the dispute, not simply the damages plaintiff asserts in the Complaint. The critical section of the *Mackay* decision bears repeating:

> [It is] unnecessary to consider the status of the parties in the state court, and who was technical plaintiff and who technical defendant, or whether [plaintiff] sued in a state court for [less than the jurisdictional amount], could, by filing a counterclaim for [at least the jurisdictional amount], acquire the right to remove the case to the United States court. The case was removed, in fact, and . . . there was the requisite amount . . . to give the United States Circuit Court jurisdiction of the cause . . . [T]he manner in which the case was brought or how the attendance of the parties in the United States court was secured . . . [could be] disregarded. 229 U.S. at 175-177.

This Court adopted a similar rationale in *Congaree Broadcasters, Inc. v. T M Programming,* 436 F.Supp. 258 (D.S.C. 1977), aggregating plaintiffs' and defendants' damage claims, as have other courts in the Fourth Circuit,[7] other federal district courts,[8] and the Tenth Circuit.[9] Where the

---

[6] See Defendant's Memorandum in Opposition to Motion to Remand, pages 4-6.
[7] *National Upholstery Co. v. Corley,* 144 F.Supp. 658 (M.D.N.C. 1956); *Cole v. Captain D's, LLC,* 2008 U.S. Dist. LEXIS 85873 (W.D.N.C. August 28, 2008) (attached as Exhibit 1); *Grecon Dimter, Inc. v. Horner Flooring, Inc.,* 2007 U.S. Dist. LEXIS 2362 (W.D.N.C. January 1, 2007) (attached as Exhibit 2); *McLean Trucking Co,. v. Carolina Scenic Stages,* 95 F.Supp. 437 (M.D.N.C. 1951); *National Upholstery v. Corley,* 144 F.Supp. 658 (M.D.N.C. 1956).
[8] E.g., *Swallow & Assoc. v. Henry Molded Products, Inc.,* 794 F.Supp. 660 (E.D.Mich. 1992).
[9] *Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.,* 98 F.3d 1241 (10th Cir. 1996).

counterclaim is compulsory, it is an integral part of the "controversy" at bar, and its value should be aggregated in assessing jurisdictional amount.

## CONCLUSION

That NSPC's counterclaims are compulsory is unquestioned by the plaintiffs. Those counterclaims are an integral part of the "controversy" before this honorable Court. Supreme Court precedent supports their aggregation in determining the value of this controversy, pursuant to 28 U.S.C. 1332(a). With aggregation, the value of the entire controversy before the Court clearly exceeds $100,000.

The plaintiffs' Renewed Motion to Remand should be denied.

Respectfully submitted,

s/Natalma M. McKnew
Natalma M. McKnew, Fed. Bar #189
Robert S. "Trey" Ingram III, Fed. Bar #10368
Smith Moore Leatherwood LLP
The Leatherwood Plaza
300 East McBee Avenue, Suite 500
Post Office Box 87
Greenville, South Carolina 29602
864-242-6440/FAX 864-240-2477
E-mail: tami.mcknew@smithmoorelaw.com

*Attorneys for the Defendant*

Dated: October 8, 2010.

1247472                                    5