IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| No Regrets Properties, Inc. and Richard A. Godley, Sr., <br><br>Plaintiffs, <br><br>v. <br><br>Neighborhood Sports Pub Concepts, Inc., <br><br>Defendant. | C.A. No. 6:10-CV-1024-JMC <br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' RENEWED MOTION TO REMAND** |

Under the well-pleaded complaint doctrine and the removal statute, the federal courts do not have subject matter jurisdiction over this case. Defendant's memorandum fails to meaningfully distinguish the case law cited by Plaintiffs from the facts at hand and does not address the weight of authorities as applied to these facts. Moreover, Defendant's corporate suspension created a fatal defect in its attempted removal. Accordingly, Plaintiffs' renewed motion to remand should be granted.

**I.     Pursuant to 28 U.S.C. § 1332 and the well-pleaded complaint doctrine, amounts pled in counterclaims cannot satisfy the amount in controversy requirement for diversity jurisdiction.**

The authorities are clear that the federal courts' subject matter jurisdiction is to be determined solely by plaintiffs' complaints. Although the Court in *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002), was faced with a claim of federal question jurisdiction when it refused to consider a defendant's counterclaims in determining whether there was federal subject matter jurisdiction, the reasoning of the Court for considering only the complaint applies to diversity jurisdiction as well. *Id*. at 830-32 ("[A]llowing

responsive pleadings filed by the defendant to establish [federal subject matter] jurisdiction would undermine the clarity and ease of administration of the well-pleaded complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts.").[1] In *Blankenship v. Wynne*, the district court for the District of South Carolina explained that "the action could not be removed to federal court [because] a plaintiff is the master of his claim and may avoid federal jurisdiction by exclusively relying on state law." No. Civ.A.2:05-3611, 2006 WL 1207834 at *2 (D.S.C. May 3, 2006) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987)).

Federal courts are intended to be courts of limited jurisdiction, so that plaintiffs are entitled to draft their complaints to ensure that their cases are heard in state court. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294 (1938) ("If [the plaintiff] does not desire to try his case in federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."). Whether Defendant seeks to create subject matter jurisdiction by adding counterclaims that raise federal questions or allege more than the amount in controversy requirement is irrelevant – neither are allowed to expand federal court jurisdiction.

**II.     Under the removal statute, 28 U.S.C. § 1446, jurisdiction must be determined at the time of removal so that only the Plaintiffs' complaint can be considered.**

In determining whether the amount in controversy is sufficient to confer diversity jurisdiction, courts focus on plaintiffs' claims at the time of removal. *Everett v. Verizon Wireless, Inc.,* 460 F.3d 818, 822 (6th Cir. 2006) ("In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal."); *Pretka v. Kolter City Plaza II,*

---

[1] The well-pleaded complaint rule has been discussed in the context of diversity jurisdiction as well as federal question jurisdiction. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 559 (2005) ("When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim.").

*Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later."); *Rota v. Consolidation Coal Co.,* No. 98-1807, 1999 WL 183873 at *1 (4th Cir. April 5, 1999) ("At the time of removal, the amount in controversy had to exceed $50,000 for diversity jurisdiction. Since that time, Congress has increased the amount to $75,000…. [J]urisdiction is determined as of the time of removal …."), *citing St. Paul Mercury Indemnity Co, supra.*

Both at the time of the commencement of the action and when Defendant filed a Notice of Removal, the amount in controversy was only $63,962.51, the amount sought in Plaintiffs' complaint. At those times, Defendant had not asserted counterclaims and, because it was a suspended corporation at the time of removal, it could not have asserted counterclaims. Plaintiffs filed a timely Motion to Remand, and Defendants now bear the burden of proving that the case was properly removed at the time of removal. *Mulcahey v. Columbia Organic Chem. Co.. Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

Section 1446(b) requires a defendant to file a notice of removal within thirty days from receipt of "the <u>initial pleading</u> setting forth the claim for relief upon which such action or proceeding is based" or "after <u>receipt by the defendant</u>" of the plaintiff's amended pleading which provides a basis for removal. 28 U.S.C. § 1446(b) (emphasis added). The plain language of the removal statute requires the court to consider only pleadings filed by the plaintiff and received by the defendant at the time of removal in deciding whether removal was proper. *See Board of Regents, The University of Texas System v. Nippon Telephone and Telegraph Corp.,* 414 F.3d 1358, 1361 (Fed. Cir. 2005).

Not only was the primary case relied upon by defendant, *Mackay v. Uinta Development Co*., 229 U.S. 173 (1913), decided prior to the enactment of 28 U.S.C. §§ 1332 and 1446, the

3

central holding of *Mackay* was that a plaintiff who failed to object to the defendant's petition for removal prior to entry of final judgment waived any argument that the Court lacked jurisdiction over a case based on irregularities in the removal process. *Id.* at 174; *Board of Regents,* 414 F.3d at 1361 (finding this to be the central holding of *Mackay*). In fact, in *Mackay*, neither party ever challenged federal subject matter jurisdiction: The Court of Appeals raised the issue *sua sponte*. *Id.* at 176. Thus, *Mackay* had no occasion to rule on whether removal based on counterclaims is proper under the removal statute or how to treat a timely motion to remand, important issues in the case at hand.[2]

Defendant again points to *Congaree Broadcasters, Inc. v. T.M. Programming*, 436 F. Supp. 258 (D.S.C. 1977), but *Congaree* is distinguishable because it was decided before *Holmes* and the defendant filed a notice of removal simultaneously with the assertion of timely counterclaims, such that they were available at the time of removal. Here, Defendant asserted its counterclaims only <u>after</u> the time for removal had passed.

**III.    Defendant's belated revival of its corporate status does not retroactively validate its removal, a substantive action.**

California law creates a "distinction between <u>procedural</u> steps taken on behalf of the suspended corporation while under suspension, which can be resuscitated by revival, and <u>substantive</u> defenses that accrue during the time of suspension, which cannot." *Ctr. for Self Improvement and Cmty. Dev. v. Lenner Corp.*, 94 Cal. Rptr. 3d 74, 80-81 (Cal. Ct. App. 2009) (emphasis added). A statute of limitations is indisputably a substantive defense. Case law makes clear that statutes of limitations are substantive defenses that accrue during the period of a

---

[2] In addition, *Mackay* based jurisdiction upon diversity of the parties, the amount in controversy, and the necessary construction of federal statutes as disclosed by the counterclaim. By contrast, *Holmes* more recently made clear that the Court will not consider counterclaims in determining whether there is federal subject matter jurisdiction. *Mackay*'s summary answer to a certified question, almost a century ago, and before the enactment of the current federal statutes applicable to this case, should not serve as a basis for diversity jurisdiction.

corporation's suspension and that actions taken while suspended cannot be retroactively validated where the suspended corporation is revived after the limitations period has run. *Welco Construction, Inc. v. Modulux, Inc.*, 120 Cal. Rptr. 572, 573 (Cal. Ct. App. 1975); *Sade Shoe Co., Inc. v. Oschin & Snyder*, 266 Cal. Rptr. 619, 622 (Cal. Ct. App. 1990).

Federal courts are courts of limited jurisdiction, and by setting the time for filing a notice of removal, 28 U.S.C. § 1446 thereby constrains the exercise of federal subject matter jurisdiction. *See Strawn v. AT & T Mobility, LLC,* 530 F.3d 293, 296 (4th Cir. 2008) ("We begin with the undergirding principle that federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations. Accordingly, a party seeking to adjudicate a matter in federal court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter."). Therefore, the reasons for treating a failure to timely remove as a substantive defense are even stronger. Accordingly, although Plaintiffs have identified no prior decisions that address whether the failure to file a timely Notice of Removal is considered a procedural or substantive defense, the Court should treat the removal statute as a substantive statute of limitations and hold Defendant's removal filed while Defendant was under suspension was ineffective and now would be untimely.

## **CONCLUSION**

Because Defendant's counterclaims cannot be a basis for removal according to the well-pleaded complaint doctrine or the removal statute (28 U.S.C. § 1446), and because Defendant's notice of removal should be treated as untimely, the Court should grant Plaintiffs' renewed motion to remand.

5

        Respectfully submitted,

        WYCHE BURGESS FREEMAN & PARHAM, P.A.

        s/ Gregory J. English
        Gregory J. English (Bar No. 5737)
        Post Office Box 728
        Greenville, SC 29602
        Telephone: (864) 242-8200/8247
        Facsimile: (864) 235-8900
        E-Mail: genglish@wyche.com

        *Attorneys for Plaintiffs*

October 18, 2010