IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| No Regrets Properties, Inc. and Richard A. Godley, Sr.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Neighborhood Sports Pub Concepts, Inc.,<br><br>　　　　　Defendant. | C.A. No. 6:10-CV-1024-JMC<br><br>**SUPPLEMENT TO PLAINTIFFS' RENEWED MOTION TO REMAND** |

　　　　Plaintiffs, No Regrets Properties, Inc. and Richard A. Godley, Sr., supplement their Renewed Motion to Remand to notify the court of Judge Seymour's recent decision of *Hamilton v. OSI Collection Servs., Inc.*, No. 2:10-CV-1740-MBS, 2010 WL 4226016 (D.S.C. 2010) (Slip Copy), attached as Exhibit A. The decision in *Hamilton* relied upon principles that are applicable to removal based on diversity jurisdiction and are particularly relevant to the case at hand. The court in *Hamilton* remanded the case to state court because the Plaintiff's complaint sought less than the jurisdictional amount in controversy.

　　　　The plaintiff in *Hamilton* sought a "[j]udgment against the Defendants, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper, such amount being less than $74,000.00." *Id.* at *2. The court explained that remand was required by "longstanding Supreme Court precedent regarding removal of diversity actions: If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, **and although he would be justly entitled to more, the defendant**

**cannot remove**." *Id.* at *4 (emphasis in original; citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294 (1938)).  The court also observed that "the court must look to the complaint **at the time that Defendants' notice of removal was filed**" to determine whether Defendants had the right to remove.  *Id.* at *5 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)) (emphasis added).  In concluding that a remand was necessary, the court recognized the longstanding principle that "if federal jurisdiction is doubtful, a remand is necessary."  *Id.* at *2 (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994)).

        Respectfully submitted,

        WYCHE BURGESS FREEMAN & PARHAM, P.A.

        s/ Gregory J. English
        Gregory J. English (Bar No. 5737)
        Post Office Box 728
        Greenville, SC 29602
        Telephone: (864) 242-8200
        Facsimile: (864) 235-8900
        E-Mail: genglish@wyche.com

        *Attorneys for Plaintiffs*

December 2, 2010