# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| No Regrets Properties, Inc. and Richard A. Godley, Sr. | )<br>)<br>) C.A. No. 6:10-cv-1024-JMC |
| Plaintiffs, | )<br>) **ORDER AND OPINION** |
| v. | )<br>) |
| Neighborhood Sports Pub Concepts, Inc., | )<br>) |
| Defendant. | )<br>) |

This matter is before the court pursuant to Plaintiffs No Regrets Properties, Inc. and Richard Godley's ("Plaintiffs") Renewed Motion to Remand [Doc. 26] under 28 U.S.C. § 1447. Plaintiffs commenced this action on March 19, 2010, when they filed a Summons and Complaint in the Court of Common Pleas in Greenville County. [Doc. 1-1]. Plaintiffs allege a cause of action for breach of contract. [Doc. 1-1, at 7]. On April 26, 2010, Defendant Neighborhood Sports Pub Concepts, Inc. filed its Notice of Removal [Doc. 1] claiming diversity jurisdiction under 28 U.S.C. § 1332. After reviewing the motions, memoranda, and applicable law, Plaintiffs' Motion to Remand is granted.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiffs originally filed this action in the Court of Common Pleas in Greenville County, South Carolina on March 19, 2010. Plaintiffs sought $63,962.51 for breach of contract, and they disclaimed any award in excess of $74,900.00. Defendant filed a Notice of Removal on April 26, 2010, and answered on May 3, 2010, without asserting counterclaims. [Doc. 5].

On May 25, 2010, Plaintiffs filed a timely Motion to Remand pursuant to 28 U.S.C. § 1447(c), on the grounds that (1) the amount in controversy requirement of $75,000.00 for diversity jurisdiction under 28 U.S.C. § 1332(a) is not satisfied; and (2) Defendant was a suspended corporation, thus unable to participate in litigation under California law, and consequently precluded from filing a Notice of Removal.  Neither party disputes the diversity of citizenship.

On June 7, 2010, after the time for filing a Notice of Removal passed, Defendant once again obtained proper corporate standing in the state of California where it was originally incorporated.  By order dated September 2, 2010, this court granted Defendant's Motion to Amend its Answer to include compulsory counterclaims.  [Doc. 23].   Defendant filed its Amended Answer and Counterclaims on September 10, 2010.  [Doc. 24].

## LEGAL STANDARD

Under 28 U.S.C. § 1441, actions originally filed in state courts may be removed to federal courts at the option of the defendant in "any civil action of which the district courts have original jurisdiction."  Federal courts have original jurisdiction in diversity cases where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a)(1).

Due to federalism concerns, courts strictly construe the removal statute.  *Mulcahey v. Columbia Organic Chem. Co. Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction.  The limits upon federal jurisdiction, whether imposed by the Constitution or Congress, must be neither disregarded nor evaded.").  When federal jurisdiction is doubtful,

remanding to the state courts is both desirable and necessary. *See Mulcahey*, 19 F.3d at 151. In response to a motion to remand, Defendant has the burden of establishing that removal was proper. *See id.*

## I. Removal

The primary issue before the court is whether the amount in controversy exceeds the requisite $75,000.00. Plaintiffs' claims standing alone do not meet this threshold amount as they specifically disclaim any award in excess of $74,900.00; however, Defendant urges the court to aggregate the amounts claimed in Plaintiffs' complaint and in Defendant's counterclaims in order to reach the required amount.

Before addressing whether the two amounts should be combined or not, it is important to note that the jurisdictional amount in controversy must be determined at both the time of commencement of the action in state court and at the time of removal; the jurisdictional amount may not be modified by subsequent changes. *See e.g.*, *Rota v. Consolidation Coal Co.*, No. 98-1807, 1999 WL 183873, at *1, n.2 (4th Cir. Apr. 5, 1999) ("At the time of removal, the amount in controversy had to exceed $50,000 for diversity jurisdiction. Since that time, Congress has increased the amount to $75,000…. [J]urisdiction is determined [at] the time of removal…."); *Brown v. E. States Corp.*, 181 F.2d 26, 28-29 (4th Cir. 1950) (holding plaintiff may not amend complaint after removal in an attempt to eliminate federal question jurisdiction); *see also Sayers v. Sears, Roebuck and Co.*, 732 F. Supp. 654, 656 (W.D. Va. 1990) ("The jurisdictional requirements for diversity jurisdiction are not present if they are not met at both the time of commencement and the time of removal."); *Griffin v. Holmes*, 843 F. Supp. 81, 87 (E.D.N.C. 1993) ("As the Supreme Court stated in 1938, '[i]f the plaintiff could … reduce the amount of his demand to defeat federal jurisdiction[,] the defendant's supposed statutory right of removal

would be subject to the plaintiff's caprice.") (quoting *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)). To be sure, the cases above have to do with attempts to remove federal jurisdiction after it had already been clearly established. Nevertheless, the cases demonstrate the judiciary's desire for and value of uniformity, analytical consistency, and ease of judicial administration. *See GreCon Dimter, Inc. v. Horner Flooring Co.*, No. 3:02-CV-101-W, 2007 WL 121732, at *7 (W.D.N.C. Jan. 11, 2007). All of these goals are served by the principle that jurisdiction should be determined at the time of removal not just in the federal question context but in diversity cases as well. *See id.* Furthermore, this principle helps alleviate federalism concerns by limiting the power of the federal courts. *See Unitrin Auto and Home Ins. Co. v. Bastida*, No. 3:09-cr-00217-W, 2009 WL 3591190, at *3 (W.D.N.C. Oct 27, 2009).

Both at the time of the commencement of the action and when Defendant filed its Notice of Removal, the amount in controversy was $63,962.51, the amount sought in Plaintiffs' complaint. [Doc. 1-1, at 8]. At those times, Defendant had not asserted counterclaims. Therefore, the jurisdictional amount was not satisfied either at the time of commencement or at the time of removal, and the case should be remanded for lack of federal subject matter jurisdiction.

Addressing Defendant's chief argument, there is a well-established split among the courts as to whether or not to consider counterclaims when calculating the jurisdictional amount. The modern trend and a majority of courts hold that "no part of the required jurisdictional amount may be met by considering the defendant's counterclaim, whether permissive or compulsory." 14AA Charles Alan Wright et al., *Federal Practice & Procedure* § 3706 (4th ed. 2011). The United States Court of Appeals for the Fourth Circuit has indicated in dictum that

they would adopt this rule. *See R.L. Jordan Oil Co. of N.C. v. Boardman Petroleum, Inc.*, 23 Fed. Appx. 141, 144-45 (4th Cir. Dec. 3, 2001) ("[I]t appears, although we have not decided, that [defendant's] counterclaim may not be used in calculating the amount in controversy.").

In *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002), the United States Supreme Court held that the United States Court of Appeals for the Federal Circuit lacked federal question jurisdiction to decide an appeal where the only federal claim had been raised by the defendant as a compulsory counterclaim. The Court justified its holding in part by explaining that "allowing responsive pleadings by the defendant to establish [federal subject matter] jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts." *Id.* at 832.

Defendant argues that *Holmes* does not apply to the instant facts because it only addresses federal question counterclaims, not counterclaims that invoke federal diversity jurisdiction by increasing the amount in controversy. *See GreCon Dimter, Inc.*, 2007 WL 121732, at *6 ("The *Holmes* holding could be "[n]arrowly construed … not to extend outside of the federal question … context …" because the Court "neglected to consider [the] … line of authority which had developed in relation to … whether counterclaims may be credited for the purpose of establishing other elements of federal jurisdiction (such as the amount in controversy)."). However, the same court states that

> [T]he values of uniformity and ease of judicial administration – not to mention analytic consistency – would support extending *Holmes Group*'s holding to the diversity context, such that the jurisdictional amount in controversy "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration." *Holmes Group*, 535 U.S. at 830 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988)); *see also* R. Fallon et al., *Hart & Weschler's The Federal Courts and the Federal System* 1480 (5th ed. 2003) ("The Court's rationale [in *Holmes Group*] would appear equally applicable in a diversity case where the sole

5

basis for asserting the requisite amount-in-controversy rests on the amount in dispute with respect to a counterclaim.").

*Id.* at *7.

Additionally, the *Holmes* Court's reasoning has been adopted and further explained in federal district court cases in the District of South Carolina. Specifically, in *Blankenship v. Wynne*, C.A. No. 2:05-3611-CWH, 2006 WL 1207834, at *1-2 (D.S.C. May 3, 2006), a South Carolina plaintiff sued under state law for around $7,500.00 in a breach of contract suit. The defendant, also a resident of South Carolina, invoked federal law, counterclaimed for $75,000.00, and requested removal. The United States District Court for the District of South Carolina held that the action should be remanded to state court because "[t]o be removable to federal court under 28 U.S.C. § 1441, … [*federal*] *jurisdiction must be ascertainable from the face of the complaint*." *Id.* at *2 (citing *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1275 (4th Cir. 1985)) (emphasis added). Further, the court stated that "a plaintiff is the master of his claim and may avoid federal jurisdiction by relying exclusively on state law." *Id.* (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987)).

Although *Blankenship* was litigated in the federal question context and there was no diversity of citizenship, it seems equally applicable to the jurisdictional amount in controversy. *See GreCon Dimter, Inc.*, 2007 WL 121732, at *7. Here, Plaintiffs have requested less than $64,000.00 in damages and specifically disclaimed any amount over $74,900.00. Again, federal courts are intended to be courts of limited jurisdiction, so plaintiffs are entitled to draft their complaints to ensure that their cases are heard in state court. *See Saint Paul Mercury Indem. Co.*, 303 U.S. at 294 ("If [the plaintiff] does not desire to try his case in the federal court[,] he may resort to the expedient of suing for less than the jurisdictional amount, and though [the plaintiff] would be justly entitled to more, the defendant cannot remove.").

Also problematic is the manner in which Defendant asserts counterclaims and then seeks to rely on those counterclaims to keep the case in federal court. Defendant fails to address that the counterclaims were not available to be tabulated for the jurisdictional amount at the time the Notice of Removal was filed. Instead, Defendant's counsel instead relies on *Mackay v. Uinta Dev. Co.*, 229 U.S. 173 (1913), which held that the damages claimed in the complaint and the counterclaims could be aggregated to satisfy the jurisdictional amount. However, the instant facts are distinguishable. In *Mackay*, the case was removed *without plaintiff's objection*, and the Court allowed the removal because the damages in the complaint and the counterclaims together exceeded the minimum jurisdictional amount required at the time. *Id.* at 174. The Court heard the case and entered judgment for the defendant, *and then* the plaintiff objected that the amount in controversy was not sufficient to give rise to federal jurisdiction. *Id.* at 174-75. Here, Plaintiffs made a Motion to Remand [Doc. 9] shortly after the removal, and they further renewed their Motion to Remand [Doc. 26] *before* the case proceeded to judgment. *Mackay* is therefore inapplicable to the current situation. Furthermore, the other supporting cases cited by Defendant [Doc. 33, at 4, n.7, 8, 9] involved counterclaims filed simultaneously with the Notice of Removal and are thus equally unhelpful in deciding this matter since Defendant filed its counterclaims in such a belated fashion, more than four months after its initial answer. The cases cited by Plaintiff [Doc. 26-1, at 3-4; Doc. 34, at 1-3], although involving federal question jurisdiction instead of the amount in controversy, are more persuasive because they all state the same proposition: jurisdiction must be determined at the time of removal.

Finally, in considering the timing of the removal and assertion of compulsory counterclaims, a defendant must file a Notice of Removal within thirty days from receipt of "the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based"

or "after *receipt by the defendant*" of the plaintiff's amended pleading which provides a basis for removal. 28 U.S.C. § 1446(b) (emphasis added). The plain language of the removal statute requires the court to consider only pleadings filed by the plaintiff and received by the defendant at the time of removal in deciding whether removal was proper. This analysis is fully discussed in *GreCon Dimter, Inc.* when the court stated "[t]he term 'initial pleading' [in Section 1446(b)] plainly excludes a defendant's statement of counterclaims, which appears in the defendant/counter-claimant's 'responsive pleading[]'…." *GreCon Dimter, Inc.*, 2007 WL 121732, at *2. It concluded that Congress's intent in writing the removal statutes must have been to disallow "removal on the basis of a defendant's counterclaim." *Id.* (agreeing with the holding in *Cabe v. Pennwalt Corp.*, 372 F. Supp. 780 (W.D.N.C. 1974)). The court analyzed the language in Section 1446(b) as compared with that of the diversity statute, Section 1332(a), notably reaching the conclusion that:

> Courts of appeals consistently have held that subject matter jurisdiction exists when a *plaintiff originally files in federal court* a jurisdictionally insufficient claim for relief, but the defendant – instead of protesting jurisdiction and moving to dismiss – answers the complaint with a jurisdictionally sufficient counterclaim. However, district courts consistently have *distinguished this line of cases and refused to extend them to the removal context* … provided at least that the plaintiff lodges a timely objection to the purported removal.

*Id.* at *3 (emphasis added) (citations omitted).

Furthermore, this court has previously held that the defendant must file a motion for removal "within 30 days from the time 'the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint.' There is an exception to this 30-day limitation period only in those circumstances where the defendant cannot be sure that the case is removable." *Bobbin Publ'ns, Inc. v. Klingenberg*, 525 F. Supp. 245, 246 (D.S.C. 1981) (quoting from *Mielke v. Allstate Ins. Co.*, 472 F. Supp. 851, 853 (E.D.

Mich. 1979)). The *Bobbin* Court went on to say that at the latest, the defendant's 30-day window for removal starts as soon as he knows he has a claim in excess of the jurisdictional amount. *See id.* In the present case, Defendant has offered no rationale why it would have been unable to calculate its counterclaim damages immediately and therefore realize it had a claim in excess of the jurisdictional amount. Because of that, its 30-day window started running upon receipt of the initial complaint on March 19, 2010 and expired 30 days later on April 26, 2010. 28 U.S.C. § 1446(b). At that point in time, the amount in controversy, including all asserted claims at the time, fell short of the requisite $75,000.00. Therefore, since there is no "anticipatory or 'wait-and-see' [federal] jurisdiction" based on anticipated counterclaims raising the value of the amount in controversy, "creat[ing] such a rule now would [impermissibly] expand the limited jurisdiction upon which federal courts are premised." *Unitrin Auto and Home Ins. Co.*, 2009 WL 3591190, at *3.

**II. Defendant's Corporate Status**

Plaintiffs additionally argue that Defendant lacked the capacity to remove the case in the first instance because its corporate status was suspended when the Notice of Removal was filed. [Doc. 26-1, at 8]. According to Fed. R. Civ. P 17(b), the "capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Defendant is a California corporation, and thus their ability to sue or be sued is dictated by California law. In California, a corporation's "powers, rights, and privileges", including their ability to prosecute or defend an action, may be suspended for failing to pay certain taxes and penalties. Cal. Rev. & Tax. Code § 23301; *Ctr. for Self-Improvement and Cmty. Dev. v. Lennar Corp.*, 94 Cal. Rptr. 3d 74, 79-80 (Ct. App. 2009) (citation omitted). California courts have allowed procedural steps taken on behalf of the suspended corporation to be retroactively validated by revival of proper corporate

standing.  *Lennar Corp*, 94 Cal. Rptr. 3d at 80-81.  This is compared to substantive defenses, such as the expiration of statutes of limitation, which are not retrospectively sanctioned after the corporation regains its corporate standing.  *Id.* at 81.

Plaintiffs argue that Defendant's Notice of Removal is untimely, and they base their argument on an analogy between the statutory time limit for removal and the statute of limitations defense; however, the United States Court of Appeals for the Ninth Circuit considers removals to be procedural.  *Page v. Children's Council*, No. C 06-3268 SBA, 2006 WL 2595946, at *3 (N.D. Cal. Sept. 11, 2006) (citing *Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992)).  Therefore, the revival of Defendant's corporate status on June 7, 2010, resuscitated the procedural steps it undertook during suspension, including its timely Notice of Removal.  This revival, however, does not alter the outcome of this court's determination that remand is proper because the amount in controversy is insufficient to give rise to federal jurisdiction.  Accordingly, Plaintiff's Motion to Remand [Doc. 26] is granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Renewed Motion to Remand [Doc. 26] is **GRANTED**, and this action is hereby **REMANDED** to the Court of Common Pleas in Greenville County, South Carolina.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Court

June 8, 2011
Greenville, South Carolina